IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TRUDY S. CAIN,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-230**    (Cir. Ct. Marion Cnty. Case No. CC-24-2021-C-141)

**TOWN OF WORTHINGTON,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Trudy S. Cain appeals the Circuit Court of Marion County's May 6, 2025, amended order denying Ms. Cain's renewed motion for summary judgment and declaring that Respondent Town of Worthington (the "Town") owns a small parcel of property used by the Town to honor area military veterans. The Town filed a response.[1] Ms. Cain filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 16, 1943, the Trustees of the Worthington Methodist Church and the Trustee of the Estate of Caroline V. Wood, deceased, executed a lease agreement with the Town leasing a 28' by 20' parcel of property owned partly by the church and partly by the estate, to the Town for the purpose of maintaining an honor roll board commemorating the names of area residents who served in World War II (the "Honor Roll Parcel").

By 1988, William L. Brooks acquired the church and estate properties, including the Honor Roll Parcel, and combined the adjoining tracts into one large tract. Mr. Brooks died testate in 1991, and his will devised the combined tracts to his three children, Gary Lee Brooks, Barbara Jean (Kimbrew) Vanderheiden, and Cindy Sue Harbert. Through deed dated August 18, 1994, the children of William Brooks and their respective spouses conveyed the property previously owned by William Brooks to Bryan Beavan and Karen Beavan (the "Beavans"). Following this conveyance, a correction deed dated November 22, 1994, executed by the heirs of William Brooks, adjusted the description of the property

---

[1] Ms. Cain is represented by Kenneth R. Miller, Esq. The Town of Worthington is represented by Jeffrey D. Van Volkenburg, Esq.

conveyed to the Beavans to exclude the Honor Roll Parcel. The Beavans conveyed the property to Ms. Cain by way of a general warranty deed dated March 20, 2000. The 2000 deed accepted by Ms. Cain contained the same property description as contained in the 1994 correction deed and did not include the Honor Roll Parcel.

On September 22, 2021, the Town filed this action seeking a judicial declaration that it owned the Honor Roll Parcel and to quiet title. On April 8, 2022, the circuit court ordered a survey of the Honor Roll Parcel, which was completed on July 12, 2022. Subsequently, Ms. Cain filed a motion for summary judgment. In its January 25, 2023, order, the circuit court denied Ms. Cain's motion for summary judgment, finding that the Town had standing to bring the action and that the Town had a valid lease for the Honor Roll Parcel. Additionally, the circuit court determined that the 1994 correction deed was valid, and that the property conveyed to her by the Beavans in 2000 did not include the Honor Roll Parcel.

Ms. Cain then filed a motion to quiet title and for appointment of commissioners. On February 15, 2023, the civil action was transferred from Division II (Judge Janes) of the Circuit Court of Marion County to Division I (Judge Wilson). Following the transfer, Ms. Cain's motion to quiet title and appoint commissioners was denied. She filed a revised motion for appointment of a special commissioner and a motion for declaratory judgment, quieting title and appointment of special commissioner, which the circuit court heard on November 20, 2023. On December 15, 2023, the circuit court entered an order denying the collective relief sought by Ms. Cain.

On December 9, 2024, Ms. Cain filed a renewed motion for summary judgment containing many of the same arguments presented in her previous motion for summary judgment and in her other motions for relief. On May 6, 2025, the circuit court entered its amended order denying Ms. Cain's renewed motion for summary judgment and granting summary judgment in favor of the Town. In that order, the circuit court incorporated the findings and conclusions contained in the 2023 order denying summary judgment and ultimately determined that "all right, title, and interest to the Honor Roll Parcel is owned by the Town."[2] Ms. Cain's appeal of that May 6, 2025, order followed.

Our review of orders granting declaratory judgment and for entry of summary judgment, like the order on appeal in this case, is de novo. *See* Syl. Pt. 3, *Cox v. Amick*, 195 W. Va. 608, 466 S.E.2d 459 (1995) ("A circuit court's entry of a declaratory judgment is reviewed *de novo*."); Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994)

---

[2] While the circuit court's May 6, 2025, order did not grant a motion for summary judgment filed by the Town or explicitly state that the court was granting summary judgment to the Town, in making this quoted declaration the circuit court functionally granted summary relief to the Town on its complaint.

("A circuit court's entry of summary judgment is reviewed *de novo*."). With this standard in mind, we turn to the parties' arguments on appeal.

Ms. Cain raises five assignments of error, but the issue we find to be dispositive of this appeal is Ms. Cain's assertion that she has an ownership interest in the Honor Roll Parcel. Based on our review, the record on appeal conclusively demonstrates that the property description in the 1994 correction deed to the Beavans and in the 2000 deed to Ms. Cain does not include the Honor Roll Parcel. Thus, we find no error in the circuit court's conclusion that the Honor Roll Parcel was never conveyed to Ms. Cain. Without a legal interest in the Honor Roll Parcel, we conclude that Ms. Cain lacks standing to raise any of her other substantive assignments of error from the circuit court's May 6, 2025, order.[3]

The Supreme Court of Appeals of West Virginia ("SCAWV") has held,

> Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

Syl. Pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002). While standing is typically discussed in the context of a party's right to raise a claim at the trial court level, it also applies to a party's right to raise an issue on appeal. *See W. Va. AAA Statewide Ass'n v. Pub. Serv. Comm'n of W. Va.*, 186 W. Va. 287, 288, 412 S.E.2d 481, 482 (1991) (finding that the petitioner lacked standing to raise several of its assignments of error on appeal because it "lack[ed] a legally protectable and tangible interest at stake pertaining to those matters and is therefore not the proper party to raise those assignments").

---

[3] Those substantive assignments of error are as follows: (1) the circuit court erred in concluding that the subject parcel is owned by the Town; (2) the 1943 lease agreement terminated by its own terms and thus, the circuit court erred by ignoring the clear intent of the parties to the lease agreement; (3) the circuit court erred in determining that the 1994 correction deed was valid; (4) the circuit court erred in determining that the 1994 correction deed conveyed title of the honor roll parcel to the Town. Ms. Cain also contends the circuit court erred in finding that Ms. Cain's renewed motion for summary judgment was procedurally incorrect; however, the circuit court explicitly declined to rely on this procedural basis in denying Ms. Cain's renewed motion, so any error in this finding was harmless.

As Ms. Cain did not own the Honor Roll Parcel or have any other legal interest in that property, she has no legally protected interest which could have been injured by the circuit court's rulings. *See Butler v. Price*, 212 W. Va. 450, 454, 574 S.E.2d 782, 786 (2002) (finding that a party with no legal interest in a parcel had no standing to appeal the circuit court's ruling related to an alleged right-of-way on that property). Moreover, because Ms. Cain lacked an interest in the Honor Roll Property, she has no injury that could be redressed through a favorable decision of this Court. To the extent Ms. Cain's arguments that the Town's lease on the Honor Roll Parcel terminated or that the Town has no ownership interest in the Parcel have any merit, she is not the proper party to raise those arguments. *See Guido v. Guido*, 202 W. Va. 198, 202-03, 503 S.E.2d 511, 515-16 (1998) (finding that a party had no standing to appeal rulings that only affected the interests of non-parties). Accordingly, Ms. Cain lacks standing to raise her additional substantive assignments of error related to the circuit court's rulings on the possession and ownership of the Honor Roll Parcel.

For the foregoing reasons, we conclude that Ms. Cain has no interest in the Honor Roll Parcel and that she lacks standing to raise her other assignments of error. Accordingly, the circuit court's May 6, 2025, order is affirmed.[4]

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[4] Our decision to affirm is based on Ms. Cain's lack of a legally protected interest in the Honor Roll Parcel and should not be construed as a decision on the substance of the circuit court's conclusion that the Town is the lawful owner of the Honor Roll Parcel.